**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6471**

ANDREW DRAYTON, JR.,

             Plaintiff – Appellant,

      v.

STATE, etc,

             Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.   Richard M. Gergel, District Judge.  (0:14-cv-01548-RMG)

Submitted:  July 28, 2015          Decided:  September 4, 2015

Before MOTZ, KING, and AGEE, Circuit Judges.

Remanded by unpublished per curiam opinion.

Andrew Drayton, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Drayton, Jr., seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing his 42 U.S.C. § 1983 (2012) complaint without prejudice. We remand for consideration of whether reopening of the appeal period is warranted.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on July 3, 2014. Drayton filed his notice of appeal on September 25, 2014. Drayton's notice of appeal is thus clearly untimely. However, on September 8, 2014, Drayton filed a "motion of disclosure" in which he stated that he had not received written notice of the court's decision in the case. Under Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal if: (1) the moving party did not receive notice of entry of judgment within 21 days after entry; (2) the motion is filed within 180 days of entry of judgment or within

2

14 days of receiving notice from the court, whichever is earlier: and (3) no party would be prejudiced.

In the motion of disclosure, Drayton stated that he was told the case was closed on July 3, 2014, but did not know who had prevailed and had not received a written judgment. Accordingly, we remand for the limited purpose of permitting the district court to determine whether Drayton's motion of disclosure should be construed as a motion to reopen the appeal period, and if so, whether reopening is warranted. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED